```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


MARGARET L. WILSON,           )
                              )
           Plaintiff          )
                              )
       v.                     )    Case No. 2:09 cv 184
                              )
PARK CENTER, INC.,            )
                              )
           Defendant          )
```

## REPORT AND RECOMMENDATION

From the onset of this case, the plaintiff, Margaret L. Wilson, has complained of the method of service through which she has received documents from the court. In particular, Wilson repeatedly has requested e-mail correspondence. (Wilson Aff. ¶¶ 4, 8, filed Nov. 16, 2009; Pltf. Mot. Reh'g Exh. 2, filed Nov. 2, 2009)  See also Wilson v. Kelly Services, Cause No. 2:09-cv-185 (Wilson Aff. ¶¶ 4, 8, filed Nov. 16, 2009; Pltf. Letter to Court, pp. 2-3, filed Nov. 2, 2009); Wilson v. Kautex, Cause No. 1:07-cv-60 (N.D. Ind. filed April 9, 2008)("Plaintiff strongly objects to the method of which this order was issued to 'Wilson'"). District policy does not permit pro se parties to register and receive notification through the court's electronic filing and notification system.

This matter was set for a Rule 16 scheduling conference on November 5, 2009.  [DE 14]  A notice of the scheduling confer-

ence was sent via United States Postal Service to Wilson at her last known address, a P.O. Box, on October 1, 2009. [DE 14] On October 8, 2009, the defendant's attorney, Katherine Erdel, sent Wilson e-mail correspondence informing her of the scheduling conference. Wilson admits that she received and read the e-mail. (Pltf. Mot. Reh'g Exh. 1, filed Nov. 2, 2009) Wilson represents that she obtained a copy of the docket from the Clerk's Office that contained the October 1, 2010 docket entry [DE 14] that states the date and time of the scheduling conference. (Pltf. Mot. Reh'g Exh. 1, filed Nov. 2, 2009) On November 2, 2009, the plaintiff moved to continue the scheduling conference. [DE 21] Despite Wilson's admission that she was aware of the scheduling conference before November 5, 2009, she failed to appear. [DE 22] The court issued a show cause order, requiring Wilson to submit an affidavit to inform the court of the reason for her absence. [DE 23] Wilson's affidavit states that she did not have knowledge of the scheduling conference because she did not receive e-mail notification as she requested and that she should have received the same notice as the attorneys. (Wilson Aff. ¶¶ 4, 8, Nov. 16, 2009)

Federal Rule of Civil Procedure 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a

party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . ." This includes the right for the court to dismiss the action. Federal Rule of Civil Procedure 37(b)(2)(A)(v). The court's decision to issue sanctions is reviewed under an abuse of discretion standard. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Under this standard, failure to appear at a status conference absent a bonafide excuse is grounds for dismissal. Link v. Wabash R. Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 3 L.Ed.2d 734 (1962).

Although Wilson represents that she did not receive notice of the scheduling conference, by Wilson's own admission she was informed of the scheduling conference prior to the date it was held. Otherwise, she could not have filed a motion to continue the scheduling conference on November 2, 2009. Therefore, Wilson had knowledge of the scheduling conference and deliberately failed to appear. Wilson's affidavit in response to the court's show cause order is devoid of any explanation for her failure to appear. Rather, her absence appears to be in deliberate reaction to the court refusing to provide Wilson with access to the court's electronic filing and notification system as determined by district policy. Wilson does not claim that she did not

receive notice, rather, that she did not receive the type of notice she requested. (Wilson Aff. ¶¶ 4, 8, Nov. 16, 2009)

Furthermore, Wilson's November 16, 2009 affidavit contains false statements. In particular, she states that "Wilson did not have any knowledge regarding the true facts pertaining to Rule 16 Notice of Hearing making it totally impossible for Wilson to comply. . ." (Wilson Aff. ¶ 10, Nov. 16, 2009) Yet, by her own admission she received an e-mail from the defendant's counsel and obtained a copy of the docket on October 26, 2009 from the court, informing her of the scheduling conference. Wilson could not have filed her motion to continue the scheduling conference on November 2, 2009, if she did not have knowledge of the conference. In light of Wilson's willful failure to appear at the November 5, 2009 scheduling conference that she admittedly had notice of, her lack of explanation for failure to appear, and the false statements she presented to the court in her affidavit, it is RECOMMENDED that this matter be DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court, with extra copies sent to the Chambers of the Honorable Joseph Van Bokkelen, Judge of the United States District Court, Hammond Division, and the Chambers of United States Magistrate Judge

Andrew P. Rodovich, Hammond Division.  The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Willis v. Caterpillar, Incorporated, 199 F.3d 902, 904 (7th Cir. 1999); Johnson v. Zema Systems Corporation, 170 F.3d 734, 739 (7th Cir. 1999); Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994); The Provident Bank v. Manor Steel Corporation, 882 F.2d 258, 260-61 (7th Cir. 1989); United States v. Johnson, 859 F.2d 1289, 1294 (7th Cir. 1988); Lebovitz v. Miller, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 8th day of October, 2010

s/ Andrew P. Rodovich
United States Magistrate Judge